**MOUNT VERNON RESTAURANTS, Inc. v. KARANTINOS, et ux.**
**No. 16714.**

Circuit Court, Brevard County.

January 29, 1958.

A. Max Brewer, Crofton, Wilson & Brewer, all of Titusville, and Spessard L. Holland, Jr., Bartow, for plaintiff.

E. W. Gautier, New Smyrna Beach, for defendant.

VOLIE A. WILLIAMS, Jr., Circuit Judge.

This cause came on to be heard on the pleadings as modified by the orders on motions to strike, on the testimony of the witnesses, including expert testimony, and the arguments of counsel. Being fully advised, the court finds, concludes and adjudges as set forth below.

Plaintiff corporation, a tenant under a written lease from defendants dated March 9, 1956, is entitled to a declaration of its rights with respect to a lease provision requiring the premises to be occupied—*"as a restaurant, bar and package store and for no other purpose whatever."* Plaintiff is entitled to such judicial declaration so as to remove insecurity and uncertainty with respect to its sale of gifts, souvenirs and novelties, which has been challenged by defendants as a violation of the quoted provision.

The premises are located in a tourist area on a principal highway from Jacksonville to Miami on the East Coast of Florida, surrounded by motels, designed and located to attract and cater to tourists almost entirely.

The sale of the questioned items has taken place on the demised premises in varying degrees almost from the beginning of the term of the lease. The items are now displayed in four showcases about 3 feet high and 18 inches wide, standing end to end from the front wall towards the rear of the main dining room of the restaurant, a total distance of about 20 feet, extending almost to an archway into an adjacent dining room.

Plaintiff's display and sale of the gifts, souvenirs and novelties is not conducted as a separate business or shop. There is no separate clerk or manager. The income therefrom is a small percentage of the total restaurant income, varying around five per cent.

From a study of the cases and recognized dictionaries involving the definition of the word "restaurant," the court finds that historically the word meant "a public eating house."

The court is mindful that it cannot rewrite the lease. It is mindful that it cannot release either the tenant or the landlord from the results of an improvident bargain where the two parties dealt at arm's length and with their eyes open. The court is also mindful that where the language of the lease is clear, certain and unambiguous, it cannot consider parol or extrinsic evidence to modify or vary the terms of the lease, but the writer of this opinion hardly thinks it necessary to wait until some other court or some lexicographer determines that it is usual for restaurants to display and sell gifts, souvenirs and novelties. To so hold would deprive this plaintiff of any relief and would presuppose that in the field of semantics, the lexicographers and legal authors are the sole repository of the changes in the signification of words. Such presumption appears rather foolish and quite untenable— because it is the public itself which makes such changes, which are then recorded by the lexicographers and legal authors.

As an example, thirty years ago a drug store was a place where medical prescriptions were filled; where drug and medical supplies were sold. Now, unless one goes to a strictly apothecary shop, almost any articles, to and including clothing, may be purchased in what is commonly recognized by the public as a drug store. Thirty years ago, an ordinary grocery sold unprepared foods and feeds and fertilizers. Now, one generally sees few feeds or fertilizers in a grocery store, but there is little else in the way

of either soft goods or hard goods that one does not see, to and including the sale of patent medicines. Because of this change over the years, is it any less a grocery store? Is it taken and accepted by the public any less than a grocery store because of the sale of these sundry items? This court thinks not. This writer subscribes to the view that change is an evidence of life, and that it is not uncommon or undesirable that while our society is making great scientific and technological advances, the meaning of words will also change—that it appears ridiculous for the courts of this society to be so strictly bound by the doctrine of *stare decisis* that they cannot recognize the changes until a generation or more after they have been so recognized by the public. If we are so bound, then it appears even more likely that the courts —by using old definitions not in popular usage or recognition at the time the instrument was prepared—will actually be varying the terms of a written instrument.

From the expert testimony the court finds that the word "restaurant," especially with respect to tourist restaurants located on main highways in the state of Florida, has come to mean and include as being common and customary such incidental operations as the sale of gifts, souvenirs and novelties in connection with the principal purpose of preparation and sale of food; that about 85% of tourist restaurants in such areas contain similar incidental operations; and that the extent of such incidental operation now existing in plaintiff's restaurant is not excessive and does not constitute the use of the premises as anything other than a restaurant.

Defendants are entitled under the lease provision to protection as to the *extent* of the use of the premises for such incidental purposes—so that such use will remain *incidental* to the principal purpose of preparation and sale of food.

It is accordingly considered, ordered, adjudged and decreed—

That the operation of the souvenir gift showcases by plaintiff within the demised premises to the extent shown by the evidence does not constitute a violation of the quoted provision of the subject lease.

That the defendants are enjoined from interfering with the continued operation of the souvenir gift showcases so long as such operation does not exceed its present extent.

That plaintiff's prayers for damages, attorneys' fees and costs are denied, and each party shall pay its own costs.

That all other prayers of the complaint and answer are denied.